UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOVAN D. HUGHEY, | ) | CASE NO. 5:20-cv-1669 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| vs. | ) | |
| | ) | |
| CRESTON POLICE DEPARTMENT, | ) | |
| | ) | |
| DEFENDANT. | ) | |

*Pro se* plaintiff Jovan Hughey filed this action under 42 U.S.C. § 1983 against the Creston Police Department. In the complaint, Hughey alleges Creston Officers stopped him for a traffic violation and wrongfully arrested him for drug violations. He asserts claims for violation of his Fourth and Fourteenth Amendment rights as well as numerous state law causes of action, and he seeks monetary damages and relief from his conviction.

**I.  Background**

Hughey alleges he was stopped by Creston, Ohio police officers on December 26, 2018 for failing to stop at a red light. The officer approached the car and asked Hughey for his driver's license. Hughey states that the officer made no mention at that time of smelling marijuana. He contends that the officer took his license and returned to his police car giving him the impression that he was writing a traffic ticket. Hughey claims the officer stayed in his car for thirty minutes, which seemed excessively long for writing a ticket. He contends that the officer then approached

his car with another officer following behind and informed him that they had detected the odor of marijuana in Hughey's vehicle. They asked Hughey to step out of his car and while one officer conducted a sobriety test, the other searched his vehicle. Hughey indicates the searching officer reported that he had found drugs in the car. Hughey denies that drugs were in his car and claims the officer's body camera did not provide a clear view of the area in which the officer claimed to have found the drugs. He nevertheless was charged with drug offenses. The trial court denied his motion to suppress and he was convicted. He claims the defendant violated his Fourth and Fourteenth Amendment rights.

## II. Standard of Review

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than an unadorned, the

2

defendant unlawfully harmed me accusation. *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

### III. Analysis

As an initial matter, the Creston Police Department is not a proper defendant. Police departments are not *sui juris*, meaning they are not separate legal entities under Ohio law that are capable of suing or being sued. *See, e.g., Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014) (finding dismissal of claims against county sheriff's department was proper because "as the district court correctly noted, federal courts have held that, under Ohio law, a county sheriff's office is not a legal entity that is capable of being sued"); *Bey v. Elmwood Place Police Dep't*, No. 1:16cv823, 2017 WL 3821456, at *4 (S.D. Ohio Sept. 1, 2017) (agreeing that county sheriff's office "is not a separate legal entity subject to suit under § 1983" and dismissing claims against it).[1] Rather, they are merely subunits of the municipality they serve.

Even liberally construing Hughey's complaint as alleging claims as against the Village of Creston pursuant to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978), these claims are still subject to dismissal. Counties and other bodies of local government may be sued pursuant to 42 U.S.C. § 1983 if they are "alleged to have caused a constitutional tort through

---

[1] *See also Ebbing v. Butler Cty., Ohio*, No. 1:09-CV-00039, 2010 WL 596470, at *6 (S.D. Ohio Feb. 16, 2010) ("Ohio and federal courts agree that a county sheriff's department is not sui juris."); *Simms v. Butler Cty. Sheriff's Office*, No. 1:16-cv-247, 2016 WL 720983, at *2 (S.D. Ohio Jan. 29, 2016) (recommending dismissal where "plaintiff's complaint against a department of the Butler County Sheriff's Office is subject to dismissal because the defendant is not sui juris and, therefore, lacks the capacity to be sued under § 1983"), adopted, 2016 WL 696094, at *1 (S.D. Ohio Feb. 22, 2016).

'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (quoting Monell, 436 U.S. at 690.) Here, Hughey alleges that individual officers planted evidence of drugs during their search of his vehicle. He does not allege the Village of Creston played a role in that decision. Hughey therefore, fails to state a claim on which relief may be granted against the Village of Creston.

Even if Hughey could proceed against the Village of Creston, his claims are not able to be brought in a civil rights action. To the extent he is seeking to reverse his conviction, his sole remedy is habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). To the extent he is seeking damages for an unlawful conviction, or for other harm caused by actions whose unlawfulness would render his conviction invalid, he first must prove that his conviction has been reversed on direct appeal, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). The Court must consider whether a judgment in favor of Hughey in this action would necessarily imply that his conviction is invalid. If it would, the complaint must be dismissed unless Hughey can demonstrate that his conviction has already been set aside. If, however, the Court determines that the Hughey's claims, even if successful, would not demonstrate the invalidity of his criminal conviction, the action should be allowed to proceed, in the absence of some other bar to the suit. Here, Hughey alleges that the drugs the officers reported to have found in his car were not there before the search and the search itself was unreasonable. As the evidence supporting his conviction was found during that search, Hughey's claims, if found to have merit, would call his conviction into question. Hughey does not suggest his conviction has been overturned. Therefore, his claims are not cognizable in a civil rights action.

Finally, Hughey asserts numerous state law claims. Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). The court, however, may exercise discretion in hearing state law matters. *Id*. at 726. In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed. *Id*. Having dismissed Hughey's federal law claims, this court declines jurisdiction to hear his state law claims.

### IV. Conclusion

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: December 10, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**